SABRINA G. WIBICKI, ESQ.
Nevada Bar No. 10669
ATKINSON WATKINS & HOFFMANN, LLP
10789 W. Twain Avenue, Suite 100
Las Vegas, Nevada 89135
Telephone: 702-562-6000
Facsimile: 702-562-6066
swibicki@awhlawyers.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EARL BRAXTON and VIRGINIA BRAXTON,<br><br>Plaintiffs,<br><br>v.<br><br>MOSHIR ELHABBAL; ES EXPRESS LINES, INC.; DOE INDIVIDUALS I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.:<br><br>**Demand for Trial by Jury** |

## COMPLAINT

COME NOW, Plaintiffs EARL BRAXTON and VIRGINIA BRAXTON (hereinafter collectively referred to as "Plaintiffs"), by and through their counsel of record, the law firm of Atkinson Watkins & Hoffmann, LLP, and for their Complaint on file herein alleges as follows:

## I.
## PARTIES

1. Plaintiff EARL BRAXTON is, and at all times relevant herein was, a resident of Clark County, Nevada.

2. Plaintiff VIRGINIA BRAXTON is, and at all times relevant herein was, a resident of Clark County, Nevada.

3. Defendant MOSHIR ELHABBAL (hereinafter referred to as "ELHABBAL") is, and at all times relevant herein was, a resident of Onondaga County, New York.

4. Defendant ES EXPRESS LINES, INC. (hereinafter referred to as "ES EXPRESS LINES") (hereinafter collectively with ELHABBAL referred to as "Defendants") is and was, at all times relevant herein, a corporation licensed to do business in Clark County, Nevada.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of DOE INDIVIDUALS I through X, inclusive, and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiffs at this time and, therefore, Plaintiffs sue these Defendants by such fictitious names. Plaintiffs will ask for leave of this Honorable Court to file an Amended Complaint to insert the true names of the Defendants when the true names have been ascertained.

6. Plaintiffs are informed and believe and, on that basis, allege that each of the fictitiously named Defendants are responsible in some manner for the events and happenings referred to as herein alleged, including, but not limited to, owning, maintaining, and/or controlling Defendant ELHABBAL's vehicle on July 9, 2015.

## II.
## JURISDICTION AND VENUE

7. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial portion of the events giving rise to this controversy occurred in Nevada.

## III.
## GENERAL ALLEGATIONS

9. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 8 herein above and incorporate the same by reference as though fully set forth herein.

10. Plaintiffs were the owners, operators and/or occupants of a 2007 Chrysler Aspen Limited, which was towing certain U-Haul equipment, on July 9, 2015.

11. Defendant ELHABBAL was the operator of a Volvo semi-truck owned by ES EXPRESS LINES on July 9, 2015.

12. On July 9, 2015, Plaintiffs were traveling northbound on the I-15 highway just outside of Primm, Nevada.

13. Defendant ELHABBAL was driving behind Plaintiffs, also traveling northbound on the I-15 highway just outside of Primm, Nevada.

14. Defendant ELHABBAL failed to use due care and caused the front of his vehicle to strike the back of Plaintiffs' vehicle and/or towing equipment.

15. As a direct result of Defendant ELHABBAL's actions, Plaintiffs suffered property damage and severe personal injuries.

## IV.
## FIRST CLAIM FOR RELIEF
(Negligence Against Defendant ELHABBAL and Defendant ES EXPRESS LINES)

16. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 15 herein above and incorporate the same by reference as though fully set forth herein.

17. Defendant ELHABBAL owed a duty to Plaintiffs to operate his vehicle in a negligent-free manner.

18. Defendant ELHABBAL, while in the course and scope of his employment with Defendant ES EXPRESS LINES, breached that duty by failing to use due care, causing the front of his vehicle to strike the back of Plaintiffs' vehicle.

19. Defendant ELHABBAL's breach caused the personal injuries complained of herein by Plaintiffs.

. . .

20. As a direct result of Defendant ELHABBAL's negligence, occurring while in the course and scope of his employment with Defendant ES EXPRESS LINES, Plaintiffs have incurred, and will continue to incur, expenses for medical care and treatment in an amount in excess of $75,000.

21. As a further direct and proximate result of Defendant ELHABBAL's negligence, occurring while in the course and scope of his employment with Defendant ES EXPRESS LINES, Plaintiffs have incurred, and will continue to incur, pain and suffering and emotional distress.

22. As a further direct and proximate result of Defendant ELHABBAL's negligence, occurring while in the course and scope of his employment with Defendant ES EXPRESS LINES, Plaintiffs have been required to retain an attorney to prosecute this action and are entitled to an award of attorney's fees and costs.

## V.
## SECOND CLAIM FOR RELIEF
### (Negligent Entrustment Against Defendant ES EXPRESS LINES)

23. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 22 herein above and incorporate the same by reference as though fully set forth herein.

24. Defendant ES EXPRESS LINES is responsible for the negligent actions of Defendant ELHABBAL as described herein.

25. At all times relevant hereto, Defendant ELHABBAL operated the vehicle owned by Defendant ES EXPRESS LINES under the responsibility of Defendant ES EXPRESS LINES.

26. As a direct result of the above-mentioned negligence of Defendant ES EXPRESS LINES, Plaintiffs have suffered severe personal injuries.

27. The injuries and damages sustained by Plaintiffs are the direct and proximate result of the negligence of Defendant ES EXPRESS LINES.

. . .

28. As a further direct and proximate result of Defendant ES EXPRESS LINES' negligence, Plaintiffs have incurred expenses for medical care and treatment in an amount in excess of $75,000.

29. As a further direct and proximate result of Defendant ES EXPRESS LINES' negligence, Plaintiffs have incurred, and will continue to incur, pain and suffering and emotional distress.

30. As a further direct and proximate result of Defendant ES EXPRESS LINES' negligence, Plaintiff has been required to retain an attorney to prosecute this action and are entitled to an award of attorney's fees and costs.

## VI.
## THIRD CLAIM FOR RELIEF
### (Respondeat Superior Against Defendant ES EXPRESS LINES)

31. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 30 herein above and incorporate the same by reference as though fully set forth herein.

32. At all times relevant herein, Defendant ELHABBAL was an agent, servant and/or employee of Defendant ES EXPRESS LINES and, at all times herein mentioned, was acting within the scope of employment with the knowledge, permission and consent of his employer, Defendant ES EXPRESS LINES. Therefore, Defendant ES EXPRESS LINES is responsible and liable for all of Defendant ELHABBAL's negligent conduct under the theory of respondeat superior.

33. As a direct result of the above-mentioned negligence of Defendant ES EXPRESS LINES, Plaintiffs have suffered severe personal injuries.

34. The injuries and damages sustained by Plaintiffs are the direct and proximate result of the negligence of Defendant ES EXPRESS LINES.

35. As a further direct and proximate result of Defendant ES EXPRESS LINES' negligence, Plaintiffs have incurred expenses for medical care and treatment in an amount in excess

of $75,000.

36. As a further direct and proximate result of Defendant ES EXPRESS LINES' negligence, Plaintiffs have incurred, and will continue to incur, mental, pain and suffering and emotional distress.

37. As a further direct and proximate result of Defendant ES EXPRESS LINES' negligence, Plaintiffs have been required to retain an attorney to prosecute this action and are entitled to an award of attorney's fees and costs.

## VII.
## FOURTH CLAIM OF RELIEF
### (Negligent Hiring/Training/Supervision Against Defendant ES EXPRESS LINES)

38. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 37 herein above and incorporate the same by reference as though fully set forth herein.

39. Defendant ES EXPRESS LINES had a duty to exercise due care in the selection, training, supervision, oversight, direction, retention and control of their employees and/or agents retained by them. Defendant ES EXPRESS LINES held a duty of hiring, training, supervising, and enforcing policies and procedures in compliance with state law.

40. Defendant ES EXPRESS LINES breached the above-referenced duties when they negligently, carelessly, and recklessly hired, trained, supervised, oversaw, directed, and/or retained Defendant ELHABBAL.

41. As a direct result of the above-mentioned negligence of Defendant ES EXPRESS LINES, Plaintiffs have suffered severe personal injuries.

42. The injuries and damages sustained by Plaintiffs are the direct and proximate result of the negligence of Defendant ES EXPRESS LINES.

43. As a further direct and proximate result of Defendant ES EXPRESS LINES' negligence, Plaintiffs have incurred expenses for medical care and treatment in an amount in excess

of $75,000.

44. As a further direct and proximate result of Defendant ES EXPRESS LINES' negligence, Plaintiffs have incurred, and will continue to incur, pain and suffering and emotional distress.

45. As a further direct and proximate result of Defendant ES EXPRESS LINES' negligence, Plaintiffs have been required to retain an attorney to prosecute this action and are entitled to an award of attorney's fees and costs.

WHEREFORE, Plaintiffs pray as follows:

1. For general, compensatory, and consequential damages against Defendants in an amount in excess of $75,000;

2. For pre-judgment and post-judgment interest thereon at the highest legal rate;

3. Attorneys' fees and costs of suit incurred herein; and

4. For such other and further relief as this Honorable Court may deem proper under the circumstances.

DATED this 30th day of June, 2017.

ATKINSON WATKINS & HOFFMANN, LLP

/s/ Sabrina G. Wibicki
_____
SABRINA G. WIBICKI, ESQ.
Nevada Bar No. 10669
10789 W. Twain Avenue, Suite 100
Las Vegas, Nevada 89135
*Attorneys for Plaintiffs*